IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PERRIGO COMPANY, et al.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>MERIAL LIMITED, doing business as MERIAL LLC, and MERIAL SAS,<br><br>　　　　　Defendants. | 8:14-CV-403<br><br>ORDER |

　　　This matter is before the Court on the Plaintiffs' Statement of Objections to the Magistrate Judge's Order Granting Defendants' Motion to Transfer (filing 118). The objection will be overruled.

　　　A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See,* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. U.S.,* 484 F.3d 1068 (8th Cir. 2007). Having reviewed the parties' briefing and the record, the Court finds that the Magistrate Judge neither clearly erred nor acted contrary to law in granting the defendants' motion for change of venue. Accordingly, the plaintiffs' objection will be overruled.

　　　Having reached that conclusion, the Court will deny the defendants' pending motion to certify an interlocutory appeal (filing 108) as moot. It was questionable, to begin with, whether the Court could have justifiably certified an interlocutory appeal of the issue raised by the defendants: for the reasons explained in the Court's Memorandum and Order of April 7, 2015 (filing 96), the Court sees little basis for disagreement regarding the Eighth Circuit's holding that appointment of an agent for service of process constitutes consent to jurisdiction. *See* filing 96 at 8-11; 28 U.S.C. § 1292(b). But in light of the Court's disposition of the defendants' alternative motion for change of venue, the defendants' jurisdictional objections are moot.

　　　The Court must, however, hold up the transfer of this case for a reasonable time pending a possible petition for review. *In re Nine Mile Ltd.,* 673 F.2d 242, 243-44 (8th Cir. 1982). As the Court has previously noted, interlocutory order granting a change of venue is generally not appealable, but mandamus may be available in "'really extraordinary situations.'" *Emerson Elec. Co. v. Black & Decker Mfg. Co.,* 606 F.2d 234, 237 (8th Cir. 1979); *see, Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir. 1999); *United States Fire Ins. Co. v. Am. Family Life Assurance Co.,* 787 F.2d 438,

439 (8th Cir. 1986). The Court will allow the plaintiffs 30 days to petition the Eighth Circuit.

IT IS ORDERED:

1. The Plaintiffs' Statement of Objections to the Magistrate Judge's Order Granting Defendants' Motion to Transfer (filing 118) is overruled.

2. The defendants' motion to certify an interlocutory appeal (filing 108) is denied as moot.

3. The Clerk of the Court shall stay transfer of this case for 30 days.

4. The Clerk of the Court is directed to set a case management deadline of August 25, 2015, with the following docket text: check petition for appellate review.

Dated this 23rd day of July, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge